IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PARALLEL NETWORKS, LLC, </br></br>　　　Plaintiff, </br></br>v. </br></br>RADWARE LTD. and </br>RADWARE, INC. </br></br>　　　Defendants. | C.A. No._____ </br></br>**JURY TRIAL DEMANDED** |

## **COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Parallel Networks, LLC ("Parallel") files this Complaint for patent infringement against Defendants Radware Ltd. and Radware, Inc. (collectively "Radware") and alleges as follows:

## **PARTIES**

1. Plaintiff Parallel Networks, LLC is a Delaware limited liability company having its principal place of business at 1105 N. Market St., Suite 300, Wilmington, Delaware 19801.

2. On information and belief, Radware Ltd. is a corporation organized under the laws of Israel, and has a principal place of business at 22 Raoul Wallenberg Street, Tel Aviv 69710, Israel and/or is conducting business through an affiliate located at this address.

3. On information and belief, Radware, Inc. is a corporation organized under the state of New Jersey, and has a principal place of business at 575 Corporate Drive #205, Mahwah, New Jersey 07430 and/or is conducting business through an affiliate located at this address. On information and belief, Radware, Inc. is a wholly owned subsidiary of Radware Ltd.

## JURISDICTION AND VENUE

4.      This civil action for patent infringement arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.* This Court has jurisdiction over the claims presented herein pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      On information and belief, Radware makes, imports, uses, sells, and/or offers for sale the Accused Instrumentalities (as defined below) within the United States, including this District, that infringe one or more claims of United States Patent No. 7,571,217 entitled "METHOD AND SYSTEM FOR UNIFORM RESOURCE LOCATOR TRANSFORMATION" (the "'217 Patent").  The '217 Patent was duly and legally issued by the United States Patent and Trademark Office on August 4, 2009.  A true and correct copy of the '217 Patent is attached hereto as Exhibit 1.

6.      On information and belief, Radware makes, imports, uses, sells, and/or offers for sale the Accused Instrumentalities (as defined below) within the United States, including this District, that infringe one or more claims of United States Patent No. 8,352,570 entitled "METHOD AND SYSTEM FOR UNIFORM RESOURCE LOCATOR TRANSFORMATION" (the "'570 Patent").  The '570 Patent was duly and legally issued by the United States Patent and Trademark Office on January 8, 2013.  A true and correct copy of the '570 Patent is attached hereto as Exhibit 2.

7.      The '217 Patent and '570 Patent are collectively referred to herein as the "Asserted Patents."

8.      Parallel is the owner by assignment of all rights, title, and interests in the Asserted Patents, and is entitled to sue for past and future infringement thereof.

9.      On information and belief, Radware is engaged in the business of

developing and selling application delivery and network security solutions. More particularly, Radware offers the AppDirector series of products designed to provide high network application availability, performance acceleration, security, and application delivery. *See* http://www.radware.com/Products/AppDirector-Features/ (last visited 12/22/2013). The Radware AppDirector caches static and dynamic content from servers and delivers them directly to clients. *See* http://www.radware.com/Products/AppDirector-Features/ (last visited 12/22/2013). The AppDirector is capable of rewriting URLs based on predefined criteria. *See* http://kb.radware.com/questions/2962/Rewrite+URL+in+AppDirector (last visited 12/22/2013). The AppDirector product line and any other Radware products offering similar caching and URL re-writing features, alone and in combination, comprise and are referred to herein as the "Accused Instrumentalities."

10. On information and belief, Radware markets, offers for sale, and sells the Accused Instrumentalities in this District via a website, http://www.radware.com/, that encourages a website visitor to call or fill out a web form to contact Radware. *See* http://www.radware.com/ContactUs/ (for country United States and state Delaware) (last visited on 12/22/2013). On information and belief, Radware also markets, offers for sale, and sells the Accused Instrumentalities via "Channel Partners" in this District. *See* http://www.radware.com/Partners/FindaPartner/ (last visited 12/22/2013) (including Partners such as Angel Computer Network Services that specifically list Delaware in their coverage area).

11. On information and belief, Radware directly and/or indirectly imports, manufactures, uses, offers for sale, and/or sells the Accused Instrumentalities within the

United States, including this District, that infringe one or more claims of the Asserted Patents.

12. Radware is a foreign corporation transacting business within the state of Delaware; is causing tortious injury to Parallel in the state of Delaware by committing all or part of the tortious acts or omissions described herein in Delaware; and is causing tortious injury to Parallel in the state of Delaware or outside of Delaware by an act or omission outside Delaware while regularly doing or soliciting business, engaging in other persistent conduct in Delaware and deriving substantial revenue from services, or things used or consumed in Delaware. Therefore, this Court has general and specific personal jurisdiction over Radware under the Delaware long-arm statute, Del. Code. Ann. Tit. 3, § 3104.

13. Venue is proper in this District pursuant to 28 U.S.C. §§ 1400(b) and 1391(c).

## GENERAL ALLEGATIONS

14. On information and belief, Radware is engaged in the business of developing, making or having made, using, offering for sale and selling the Accused Instrumentalities. Among the many features of the Accused Instrumentalities is the ability to perform transparent cache switching. On information and belief, each of the Accused Instrumentalities constitute an integrated hardware and software solution that acts, among other capacities, as a caching server that receives requests for web content comprising URL and header information. On information and belief, each of the Accused Instrumentalities determines whether requested content is cached, and provides web address translation and request/response rewrite in connection with requests for web content according to one or more rules. For example, not by way of limitation, each of Radware's Accused Instrumentalities perform caching of static and dynamic content and modifies incoming HTTP requests before forwarding the requests for retrieval. *See*

http://www.radware.com/Products/AppDirector-Features/ (last visited 12/22/2013) and http://kb.radware.com/questions/2962/Rewrite+URL+in+AppDirector (last visited 12/22/2013). This information is found in Radware's online product documentation, which is available to the public, including purchasers and/or users of the Accused Instrumentalities. In addition, the Accused Instrumentalities handle HTTP traffic before it is directed to an origin web server. The Accused Instrumentalities can be configured to inspect and modify headers prior to the retrieval of the requested content, including retrieval of the requested content from cache. As described by Radware, the AppDirector can transform a URI to a different URI based on the header information in the request. http://kb.radware.com/questions/3112/URL+Rewrite+Script+Sample (last visited 12/22/2013). This explanation is from Radware's online "Knowledgebase" product support forum, which is available to the public, including purchasers and/or users of the Accused Instrumentalities. As shown by at least these examples, Radware provides technical support to teach and encourage its customers of the Accused Instrumentalities how to use the products to perform caching as claimed in the Asserted Patents.

## FIRST CLAIM FOR RELIEF
(Infringement of the '217 Patent)

15. Parallel incorporates paragraphs 1 through 14 as though fully set forth herein.

16. Upon information and belief, Radware has been and now is directly infringing one or more claims of the '217 Patent by making, importing, using, offering for sale, and/or selling the patented inventions, and/or indirectly infringing one or more claims of the '217 Patent by actively inducing others to use the patented inventions.

17. More particularly, without limitation, Radware is now directly infringing one or more claims of the '217 Patent by making, importing, using (including use for testing purposes), offering for sale, and/or selling the Accused Instrumentalities, all in violation of 35 U.S.C.

§ 271(a). The Accused Instrumentalities provide a system for communicating data, the system having a memory and an application, the application operable to receive requests for content and to cache content items as claimed in one or more claims of the '217 Patent. As shown by Radware's technical publications, the Accused Instrumentalities can be configured to perform the method(s) claimed in one or more claims of the '217 Patent.

18. In addition and/or in the alternative, Radware has been and/or now is indirectly infringing one or more claims of the Asserted Patents by inducing customers to use the Accused Instrumentalities to directly infringe one or more claims of the Asserted Patents in violation of 35 U.S.C. § 271(b).

19. At least by the filing of this action, Radware has been given actual notice of the existence of the '217 Patent. In spite of having received such notice, Radware has intended, and continues to intend, to induce patent infringement by its customers, and, as of at least the filing date of this action, has had knowledge that the inducing acts would cause infringement or, alternatively, has been willfully blind to the possibility that its inducing acts would cause infringement.

20. The Accused Instrumentalities comprise the systems claimed in one or more claims of the '217 Patent, and, when configured and used as described in Radware's technical publications, perform the method(s) described and claimed in the Asserted Patents. Radware has engaged in indirect infringement by its post-complaint conduct of providing its customers with the infringing Accused Instrumentalities, and/or by providing the Accused Instrumentalities and providing instructions to enable those customers to use the Accused Instrumentalities, each of which constitute the system claimed in one or more claims of the '217 Patent, and/or to utilize

the Accused Instrumentalities so as to practice the method claimed in one or more claims of the '217 Patent.

21. By way of example, and not as a limitation, Radware induces such infringement by at least making its website available to customers and providing links and/or other directions on its website and/or the internet to instruct and teach users to use the Accused Instrumentalities in an infringing manner. Radware engages in such activities knowingly and, at least from the time of receipt of the present Complaint, has done so with the knowledge that such activities induce customers to directly infringe the Asserted Patents. In addition, or, in the alternative, Radware engages in such activities knowingly, and, at least from the time of receipt of the present Complaint, has sold or distributed the Accused Instrumentalities knowing that such Accused Instrumentalities are especially made or adapted for use by its customers in an infringing use of one or more claims of the Accused Instrumentalities. On information and belief, Radware's customers configure the Accused Instrumentalities to cache or facilitate the caching of data as described and claimed in the Asserted Patents. Thus, Radware's customers, by using the Accused Instrumentalities, directly infringe the claimed method(s) of the Asserted Patents.

22. Parallel has been damaged by the infringing activities of Radware, and will be irreparably harmed unless those infringing activities are preliminarily and permanently enjoined by this Court. Parallel does not have an adequate remedy at law.

23. By the filing of this action, Radware has been given actual notice of the existence of the '217 Patent. Despite such notice, Radware continues in acts of infringement without regard to the '217 Patent, and will likely continue to do so unless otherwise enjoined by this Court. Parallel is not presently seeking damages against Radware for indirect infringement for

the period prior to the filing of this Complaint.  However, in the event that Parallel learns through discovery that Radware had actual notice of the '217 Patent prior to the filing of this Complaint, Parallel reserves the right to seek damages for Radware's activities prior to filing.

**SECOND CLAIM FOR RELIEF**
(Infringement of the '570 Patent)

24. Parallel incorporates paragraphs 1 through 14 as though fully set forth herein.

25. Upon information and belief, Radware has been and now is directly infringing one or more claims of the '570 Patent by making, importing, using, offering for sale, and/or selling the patented inventions, and/or indirectly infringing one or more claims of the '570 Patent by actively inducing others to use the patented inventions.

26. More particularly, without limitation, Radware is now directly infringing one or more claims of the '570 Patent by making, importing, using (including use for testing purposes), offering for sale, and/or selling the Accused Instrumentalities, all in violation of 35 U.S.C. § 271(a).  The Accused Instrumentalities provide a system for communicating data, the system having a memory and an application, the application operable to receive requests for content and to cache content items as claimed in one or more claims of the '570 Patent.  As shown by Radware's technical publications, the Accused Instrumentalities can be configured to perform the methods claimed in one or more claims of the '570 Patent.

27. In addition and/or in the alternative, Radware has been and/or now is indirectly infringing one or more claims of the Asserted Patents by inducing customers to use the Accused Instrumentalities to directly infringe one or more claims of the Asserted Patents in violation of 35 U.S.C. § 271(b).

28. At least by the filing of this action, Radware has been given actual notice of the existence of the '570 Patent.  In spite of having received such notice, Radware has intended, and

continues to intend, to induce patent infringement by its customers, and, as of at least the filing date of this action, has had knowledge that the inducing acts would cause infringement or, alternatively, has been willfully blind to the possibility that its inducing acts would cause infringement.

29. The Accused Instrumentalities comprise the systems claimed in one or more claims of the '570 Patent, and, when configured and used as described in Radware's technical publications, perform the method(s) described and claimed in the Asserted Patents. Radware has engaged in indirect infringement by its post-complaint conduct of providing its customers with the infringing Accused Instrumentalities, and/or by providing the Accused Instrumentalities and providing instructions to enable those customers to use the Accused Instrumentalities, each of which constitute the system claimed in one or more claims of the '570 Patent, and/or to utilize Accused Instrumentalities so as to practice the method claimed in one or more claims of the '570 Patent.

30. By way of example, and not as a limitation, Radware induces such infringement by at least making its website available to customers and providing links and/or other directions on its website and/or the internet to instruct and teach users to use the Accused Instrumentalities in an infringing manner. Radware engages in such activities knowingly and, at least from the time of receipt of the present Complaint, has done so with the knowledge that such activities induce customers to directly infringe the Asserted Patents. In addition, or, in the alternative, Radware engages in such activities knowingly, and, at least from the time of receipt of the present Complaint, has sold or distributed the Accused Instrumentalities knowing that such Accused Instrumentalities are especially made or adapted for use by its customers in an infringing use of one or more claims of the Accused Instrumentalities. On information and

belief, Radware's customers configure the Accused Instrumentalities to cache or facilitate the caching of data as described and claimed in the Asserted Patents. Thus, Radware's customers, by using the Accused Instrumentalities, directly infringe the claimed method(s) of the Asserted Patents.

31. Parallel has been damaged by the infringing activities of Radware, and will be irreparably harmed unless those infringing activities are preliminarily and permanently enjoined by this Court. Parallel does not have an adequate remedy at law.

32. By the filing of this action, Radware has been given actual notice of the existence of the '570 Patent. Despite such notice, Radware continues in acts of infringement without regard to the '570 Patent, and will likely continue to do so unless otherwise enjoined by this Court. Parallel is not presently seeking damages against Radware for indirect infringement for the period prior to the filing of this Complaint. However, in the event that Parallel learns through discovery that Radware had actual notice of the '570 Patent prior to the filing of this Complaint, Parallel reserves the right to seek damages for Radware's activities prior to filing.

## REQUEST FOR RELIEF

WHEREFORE, Parallel requests the following relief:

(a) A judgment in favor of Parallel that Radware has directly infringed, and/or has indirectly infringed by way of inducement, one or more claims of the Asserted Patents;

(b) A judgment that Parallel has been irreparably harmed by the infringing activities of Radware and is likely to continue to be irreparably harmed by Radware's continued infringement;

(c) Preliminary and permanent injunctions prohibiting Radware and its officers, agents, servants, employees and those persons in active concert or participation with any of

them, as well as all successors or assignees of the interests or assets related to the Accused Instrumentalities, from further infringement, direct and indirect, of the Asserted Patents;

   (d) A judgment and order requiring Radware to pay Parallel damages adequate to compensate for infringement under 35 U.S.C. § 284, which damages may include lost profits but in no event shall be less than a reasonable royalty for the use made of the inventions of the Asserted Patents, including pre- and post-judgment interest and costs, including expenses and disbursements; and

   (e) Any and all such further necessary or proper relief as this Court may deem just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Parallel hereby demands a trial by jury of all issues so triable.

| | |
|---|---|
| OF COUNSEL | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| **BUETHER JOE & CARPENTER, LLC** | |
| Brian A. Carpenter | */s/ Gregory J. Brodzik* |
| Eric W. Buether | Adam W. Poff (No. 3990) |
| Christopher M. Joe | Monté T. Squire (No. 4764) |
| Mark D. Perantie | Gregory J. Brodzik (No. 5722) |
| Michael D. Ricketts | Rodney Square |
| Timothy J. H. Craddock | 1000 North King Street |
| 1700 Pacific Avenue | Wilmington, DE 19801 |
| Suite 4750 | (302) 571-6600 |
| Dallas, Texas 75201 | *apoff@ycst.com* |
| (214) 446-1273 | *msquire@ycst.com* |
| *Eric.Buether@BJCIPlaw.com* | *gbrodzik@ycst.com* |
| *Brian.Carpenter@BJCIPlaw.com* | |
| *Chris.Joe@BJCIPlaw.com* | Attorneys for Plaintiff Parallel Networks, LLC |
| *Mark.Perantie@BJCIPlaw.com* | |
| *Mickey.Ricketts@BJCIPlaw.com* | |
| *Tim.Craddock@BJCIPlaw.com* | |

Dated: December 23, 2013